## HERINGER BROS. & SONS et al. v. UNITED STATES.

### No. 4564.

District Court, N. D. California, N. D.

Nov. 16, 1943.

Edward Hale Julien, of San Francisco, Cal., for plaintiffs.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., and Emmet J. Seawell, and Esther B. Phillips, Asst. U. S. Attys., both of Sacramento, Cal., for defendant.

WELSH, District Judge.

### Findings of Fact

The above-entitled case having come regularly on for trial by the Court sitting without a jury on the 18th day of June, 1943, the plaintiff appearing by its attorney, Edward Hale Julien, the defendant appearing by Hon. Frank J. Hennessy, United States Attorney for the Northern District of California, Esther B. Phillips, Assistant United States Attorney, and Emmet J. Seawell, Assistant United States Attorney; and evidence, oral and documentary, having been introduced and the Court having considered the same and the arguments and briefs of counsel, now makes the following findings of fact:

1. This is an action for recovery of income and capital stock taxes and interest assessed against and paid by plaintiffs to the Collector of Internal Revenue for the First Collection District of California. The facts alleged in the complaint, admitted by the answer and proved at the trial establish the jurisdiction of this Court.

2. All of the facts set forth in the complaint are true and all of the issues therein raised are found in favor of plaintiff and against defendant.

3. Heringer Bros. & Sons was a corporation duly organized under the laws of the State of California on or about November 7, 1935, and was dissolved on or about October 7, 1940. The said corporation during its entire life merely held record or naked legal title to certain farm lands situate in the Counties of Yolo and Sacramento, State of California. The said corporation during its entire life was never operated, did no business, nor performed corporate activities to subject it to taxation under the internal revenue laws of the United States. The said corporation had no separate personality and as such an

entity it is disregarded as a mere agent or conduit for the convenience of the partnership or individuals who for a bona fide purpose dominated it, controlled it, and dealt with its naked legal title to real estate as though ownership, legal as well as equitable, reposed in them. The said corporation never farmed the lands, passive legal title to which stood in its name, never owned any farming equipment, had no employees, paid no salaries and dividends, did not have customary books of account, did not conduct the usual meetings of directors, nor conducted other activities incident to the carrying on of a business in a corporate capacity or in any capacity.

4. The plaintiffs are entitled to refund from defendant of income taxes paid for the calendar year ending December 31, 1940, in the amount of $1,651.88. Of this latter sum, $1,585.09 represents the amount of the deficiency paid on November 28, 1941, and $66.79 represents interest paid upon said principal sum on February 3, 1942.

5. Plaintiffs are entitled to refund from defendant of capital stock taxes paid for the year ending June 30, 1940, in the amount of $296.62. Of this latter sum $275 represents capital stock tax paid and $21.62 interest paid upon the said $275 on or about November 28, 1941.

6. Plaintiff corporation was at all times mentioned herein not subject to Federal income or capital stock taxes.

### Conclusions of Law

From the foregoing findings of fact the Court makes the following conclusions of law:

1. Plaintiff corporation was not subject under the applicable provisions of the internal revenue laws to federal income taxes for the calendar year ending December 31, 1940, and was not subject to capital stock taxes for the period ending June 30, 1940.

2. Plaintiffs are jointly and severally entitled to refund and judgment against defendant in the total sum of One Thousand Nine Hundred Forty-Eight and 50/100 Dollars ($1,948.50) plus interest at Six per cent (6%) from dates of payment of the several items included therein to a date preceding the date of refund check by not more than thirty (30) days and for costs of this action.